UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENRY WESTON,

Plaintiff,

v.                                              Case No. 26-cv-0411-bhl

JILL WENZEL,
LISA SCHIVERMAN,
RICHARD BARTZ,
ED ROTHBALLER,
ERIN WENGER, and
MELISSA PITCHFORD,

Defendants.

# SCREENING ORDER

Plaintiff Henry Weston, who is currently serving a state prison sentence at the Kettle Moraine Correctional Institution and representing himself, filed a complaint[1] under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Weston's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Weston has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Weston has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $2.59. Weston's motion for leave to proceed without prepaying the filing fee will be granted.

---

[1] Weston's complaint includes citations to a declaration and other exhibits, but the Court received no documents other than the complaint.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Weston, on November 18, 2024, he submitted a health services request directed to the health services manager stating that he had been examined for knee pain and swelling in his leg and was told he would get an x-ray and be referred to physical therapy. He further stated that neither had happened and he would like treatment. Two days later, Weston received a response informing him that he had a physical therapy evaluation scheduled. Over the course of the next couple of months, Weston submitted several health services requests to his

2

provider Dr. Lisa Schiverman, the health services unit manager Jill Wenzel, and nursing staff. Weston was informed that Dr. Schiverman ordered physical therapy on October 1, 2024, and, although not clear, perhaps again on December 12, 2024. He was also informed that a message had been sent to physical therapy. It does not appear that Weston received a response from physical therapists Richard Bartz or Ed Rothballer. Weston was also examined by a nurse on December 12, 2024. According to Weston, no "hands-on examination of any sort" occurred and he was offered no treatment for his pain, such as ice or an ace bandage. He also asserts that no diagnostic tests such as a CT scan or MRI were ordered. It is not clear when, if ever, Weston was seen by physical therapy, but he asserts that, because of the delay in treatment, he now has permanent knee damage.

Weston also asserts that he submitted an inmate complaint on January 17, 2024. He identified the date of the incident as January 8, 2024, but it is not clear what happened on that date. Weston states that he did not receive an acknowledgement of receipt from the institution complaint examiner within ten days as required by the procedures, so on February 17, 2025, he wrote to confirm that his inmate complaint had been received. The next day, institution complaint examiner Melisa Pitchford responded that no inmate complaint was received from him on January 17, 2025. Weston asserts that he resubmitted his inmate complaint on February 20, 2025, and also wrote to Pitchford explaining that he had re-submitted the original inmate complaint and asked if she had received it. On February 25, 2025, Weston's inmate complaint was rejected because it was filed more than fourteen days after the occurrence giving rise to the complaint. Pitchford denied Weston's plea for good cause for filing late because he waited too long before checking whether his original inmate complaint had been received. On July 16, 2025, Weston received legal mail from Pitchford returning to him documents he had filed along with his original inmate complaint. Weston learned that the inmate complaint he filed on January 17, 2025 was in fact received, but Pitchford did not process it until July. Weston asserts that Pitchford lied about not receiving his inmate complaint and delayed processing it.

### THE COURT'S ANALYSIS

Weston asserts that his constitutional rights were violated when his complaints of knee pain and leg swelling were not adequately addressed in a timely manner. Weston identifies a number of amendments that he believes Defendants violated, but medical care claims by prisoners arise under the Eighth Amendment. To state a claim under the Eighth Amendment, a plaintiff must

allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). "A delay in treatment may show deliberate indifference if it exacerbated [the plaintiff's] injury or unnecessarily prolonged his pain." *Id*. at 777-78.

The Court will allow Weston to proceed on an Eighth Amendment medical care claim against health services manager Wenzel, Dr. Schiverman, and physical therapists Bartz and Rothballer based on allegations that they failed to timely begin physical therapy and/or address his complaints of ongoing pain and delayed treatment. Weston does not, however, state a claim under the Wisconsin Constitution because the "Wisconsin Constitution does not authorize suits for money damages except in the context of a takings claim." *Kingsley v. Raddatz*, No. 13-cv-432-bbc, 2014 WL 3447192, at *4 (W.D. Wis. July 11, 2014).

Nor does Weston state a claim against Nurse Erin Wenger. It is not clear from Weston's allegations what he believes Wenger did or did not do to violate his rights. Weston alleges that a nurse evaluated him on December 12, 2024, but he does not clarify if that nurse was Wenger. *See* Dkt. No. 1 at ¶34. Moreover, it appears that the nurse who examined Weston merely confirmed Weston's condition was unchanged and maintained his plan of care, which at that point included a referral to physical therapy. Weston believes the nurse should have done more, but prisoners are not entitled to demand specific care, and nurses are entitled to defer to the treatment plan of advanced providers unless they know the provider's plan will likely harm the patient. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *See Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012).

Finally, Weston does not state a claim against institution complaint examiner Pitchford based on allegations that she did not process his timely filed inmate complaint until many months later. The Seventh Circuit has explained that "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 954 (7th Cir. 2011). Importantly, a prisoner is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly filed inmate complaint or when they prevent a prisoner from exhausting

4

through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002). Accordingly, even assuming Weston's speculation that Pitchford delayed processing his inmate complaint is accurate, he has suffered no harm or deprivation from her alleged misconduct.

On April 10, 2026, Weston filed a motion asking that he be permitted to pay the remainder of the filing fee from his release account to avoid monthly deductions from his regular account. The Prison Litigation Reform Act (PLRA) applies to this case because Weston was incarcerated when he filed his complaint. That PLRA requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a regular account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts do not focus on that account as the source of funds to satisfy the filing fee payment requirements. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001).

Although federal courts will sometimes allow a plaintiff to pay the initial partial filing fee with funds in his release account, federal courts are less willing to allow a plaintiff to pay the full filing fee from that account. Allowing this practice would significantly deplete the value of the prisoner's release account, thereby undermining the very purpose of the account. Accordingly, the Court will deny Weston's motion to use funds in his release account to pay the remainder of the filing fee.

**IT IS THEREFORE ORDERED** that Weston's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Weston's motion to pay the remainder of the filing fee from his release account (Dkt. No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Weston fails to state a claim against Erin Wenger and Melissa Pitchford so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Weston's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Jill Wenzel, Lisa Schiverman, Richard Bartz, and Ed Rothballer.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Jill Wenzel, Lisa Schiverman, Richard Bartz, and Ed Rothballer shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Weston is located.

**IT IS FURTHER ORDERED** that the agency having custody of Weston shall collect from his institution trust account the $347.41 balance of the filing fee by collecting monthly payments from Weston's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Weston is transferred to another institution, the transferring institution shall forward a copy of this Order along with Weston's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Weston is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 28th day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

7